IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IVAN B. LANGLEY and KARLEE E. LANGLEY,

Plaintiffs,

2:11-CV-774-PK

v.

FINDINGS AND RECOMMENDATION

SHIRLEY E. JONES and CHARLEE A. PHILLIPS, JR.,

Defendants.

PAPAK, Magistrate Judge:

Plaintiffs Ivan B. Langley and Karlee E. Langley filed this action against defendants Shirley E. Jones and Charlee A. Phillips, Jr., on June 24, 2011. By and through their complaint, plaintiffs allege Jones' liability for fraud and deceit with respect to securities in violation of Or. Rev. Stat. 59.135, both defendants' liability for financial abuse of an elder in violation of Oregon's Elder Abuse and Dependent Adult Civil Protection Act and the Oregon Welfare Institutions Code, and both defendants' liability for intentional infliction of emotional distress. The plaintiffs and defendant Jones are alleged to be residents of Oregon, and defendant Phillips is alleged to be a resident of Idaho. Plaintiffs allege that "[t]he Court has jurisdiction pursuant to 28 USC 1345 and 1348, USC 1332, Americans with Disabilities Act, Elder Abuse Act, Securities Exchange Acts, Antitrust Act, Personal Property Damage, and Pendent Law." Complaint, ¶ 2.1.

Originally assigned to Judge Sullivan, the Langleys' action was reassigned to me effective October 5, 2011. On November 9, 2011, following a case conference held pursuant to Federal Civil Procedure Rule 16, at which the court's lack of authority to decide claims over which it lacks subject-matter jurisdiction was discussed, I ordered the Langleys to show cause in writing why their action should not be dismissed for lack of subject-matter jurisdiction. The Langleys filed a response to the order to show cause on December 21, 2011, and on December 22, 2011, the defendants filed a reply thereto.

Now before the court is the question whether this court has subject-matter jurisdiction over the Langleys' claims in this action. For the reasons set forth below, I find that this court lacks subject-matter jurisdiction over the Langleys' claims. I therefore recommend that the Langleys' claims be dismissed without prejudice, as discussed below.

## LEGAL STANDARDS

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "If [a district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint

could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

**ANALYSIS**

Plaintiffs note, correctly, that they are proceeding *pro se*, and that, as such, their pleading is to be liberally construed, and held to a less stringent standard than it would be had it been drafted and signed by an attorney. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). I am mindful of that obligation. Nevertheless, the existence or absence of subject-matter jurisdiction is an objective question of law, *see, e.g., Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 554 (9th Cir. 1992), and the federal courts are without authority to decide claims over which they lack subject-matter jurisdiction regardless of the liberal construction to which the Langleys' pleading is entitled, *see* Fed. R. Civ. P. 12(h)(3).

Preliminarily, I note that, as a general matter, by far the two most commonly applicable bases for exercising subject-matter jurisdiction in connection with civil actions proceeding in the federal courts are diversity jurisdiction and federal-question jurisdiction. The standard governing the courts' authority to exercise diversity jurisdiction is codified at 28 U.S.C. § 1332(a). Pursuant to Section 1332(a), the federal courts may exercise diversity jurisdiction over any action in which no defendant is a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, as noted above, both plaintiffs and defendant Jones – the only defendant against whom all three of plaintiffs' claims are alleged – are all alleged to be citizens of the state of Oregon. In consequence, complete diversity of the parties is not present here, and the court is without authority to exercise diversity jurisdiction over plaintiffs' claims. Moreover, because there is no suggestion that any alternative ground for exercise of subject-

matter jurisdiction is present here, I conclude that this court may only properly exercise jurisdiction over plaintiffs' claims if one or more of the claims arises under or necessarily gives rise to a federal question.

As a second preliminary matter, I note that, both in their complaint and in their response to this court's order to show cause, the Langleys appear to suggest that they may proceed under a theory of pendent jurisdiction. The doctrine of pendent jurisdiction, first articulated by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), refers to the authority of the federal courts to hear claims arising under state (as opposed to federal) law that are closely related to claims asserted in the same action as the state-law claims and over which the court may properly exercise jurisdiction on independent grounds. Pendent jurisdiction, together with ancillary jurisdiction, has been codified by Congress as "supplemental jurisdiction" at 28 U.S.C. § 1367. Under the formulation codified at Section 1367(a):

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, under the doctrine of pendant jurisdiction asserted by the plaintiffs (as currently codified), this court may exercise supplemental jurisdiction over the state-law claims alleged by the plaintiffs against the defendants in this action only to the extent both (i) that the plaintiffs assert at least one claim arising under federal or constitutional law, or otherwise raising a federal question, and (ii) that plaintiffs' state-law claims are so closely related to the claim or claims raising a federal question as to "form part of the same case or controversy." *Id.*; *see also, e.g.*, *United States v. Park Place Assocs.*, 563 F.3d 907, 933 (9th Cir. 2009). In

consequence, plaintiffs' assertion of the doctrine of pendent jurisdiction does not relieve plaintiffs of the burden to establish the court's independent jurisdiction over at least one of their asserted claims.

As noted above, plaintiffs seek to establish Jones' liability for fraud and deceit with respect to securities, and both Jones' and Phillips' liability for financial abuse of an elder and for intentional infliction of emotional distress. Neither in their complaint nor in their response to the order to show cause do plaintiffs suggest any federal statute or constitutional provision under which their financial abuse of an elder claim or intentional infliction of emotional distress claim might arise, and I am aware of none.[1] Similarly, the tort of intentional infliction of emotional distress is purely a creature of Oregon common law. Neither the financial abuse of an elder claim nor the intentional infliction claim necessarily implicates any federal question. I therefore restrict the federal-question analysis that follows to plaintiffs' securities-fraud claim.

Although plaintiffs appear, by and through their securities-fraud claim, straightforwardly to assert Jones' violation of Or. Rev. Stat. 59.135 – a claim arising under state law – plaintiffs additionally make reference to Jones' possible violation of federal laws governing the issuance of and trade in securities, specifically "Federal and State Securities Exchange Acts of 1933 [and] Securities Exchange Act of 1934." Complaint at ¶ 4.4. In their response to the order to show cause, by contrast, plaintiffs make no express citation to federal statutory securities law, but do cite case law in which federal securities law is discussed.

---

[1] As noted above, plaintiffs' complaint makes reference to the Americans with Disabilities Act. However, the ADA does not provide any cause of action for financial abuse of an elder. Moreover, the plaintiffs do not expressly allege any cause of action arising under the ADA, and do not allege facts giving rise to any such cause of action.

Construing plaintiffs' allegations and assertions liberally, the federal laws plaintiffs appear to intend to invoke are the Securities Act of 1933 (the "1933 Act") and the Securities Exchange Act of 1934 (the "1934 Act"). Generally speaking, the 1933 Act regulates the *registration* and *issuance* of securities, including their sale on the *primary* market, by which I mean the purchase of shares by members of the public directly from the companies issuing the shares. By contrast, the 1934 Act regulates the *trade* in such shares on the *secondary* market, by which I mean the exchange of securities, often through brokers or dealers, among persons other than the companies that originally issued the shares.

Neither in their complaint nor in their response to the order to show cause do plaintiffs offer any specific theory as to how Jones' actions might have violated any provision of either the 1933 Act or the 1934 Act. Moreover, analysis of plaintiffs' allegations does not suggest that Jones' actions could have violated either federal statutory scheme. First, plaintiffs appear to allege that Jones committed fraud in connection with the trade of securities on the secondary market, strongly suggesting the inapplicability of the 1933 Act. Moreover, the principal antifraud measure of the 1933 Act, Section 17 (codified at 15 U.S.C. § 77q), renders unlawful certain deceitful or fraudulent activities only to the extent undertaken "by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails. . . ." 15 U.S.C. § 77q(a) and (b). There is no suggestion either in plaintiffs' complaint or in plaintiffs' response to the order to show cause that Jones' alleged fraud was perpetrated through any modality of interstate commerce, absent which there can have been no violation of Section 17 of the 1933 Act. *See* 15 U.S.C. § 77q.

Second, and similarly, the principal antifraud measure of the 1934 Act, Section 10(b)

(codified at 15 U.S.C. § 78j(b)), renders unlawful "any manipulative or deceptive device or contrivance in contravention of" applicable S.E.C. rule or regulation only to the extent undertaken "by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange." Again, in the absence of any allegation from which it may properly be inferred that Jones' alleged fraud was effected via some modality of interstate commerce, there can be no permissible inference that the alleged fraud contravened Section 10(b) of the 1934 Act. *See* 15 U.S.C. § 78j.

Because it does not appear that Jones' conduct, as alleged in plaintiffs' complaint and as discussed in plaintiffs' response to the order to show cause, contravened federal securities law, it cannot be inferred that plaintiffs' securities-fraud claim raises any federal question. Because it appears that each of plaintiffs' claims arises solely under state law, in the absence of any other ground for exercising subject-matter jurisdiction over plaintiffs' claims, I conclude that this court lacks subject-matter jurisdiction over the Langleys' action against Jones and Phillips.

Plaintiffs may be best advised to pursue their state-law claims against the defendants in a court of the State of Oregon. In the alternative, in the event plaintiffs elect to abandon their claims against Jones – and to the extent, if any, that Jones would not be a necessary party to any claim plaintiffs might pursue against Phillips – plaintiffs could potentially proceed on claims against Phillips (only) in this court, on a theory of diversity jurisdiction. However, in light of the jurisdictional defects identified above, this court is without authority to consider plaintiffs' claims against Jones and Phillips as currently alleged.

For the foregoing reasons, the court should dismiss plaintiffs' claims without prejudice for lack of subject-matter jurisdiction. I recommend, however, that the court allow the plaintiffs a

period of thirty days following dismissal of their claims before entering judgment against them, to give plaintiffs an opportunity to amend their complaint to accurately allege facts sufficient to cure the jurisdictional infirmities identified above, should the Langleys determine that they may appropriately do so.

## CONCLUSION

For the reasons set forth above, plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction, and plaintiffs should be allowed a period of thirty days within which to amend their complaint to cure the jurisdictional infirmities identified above, if appropriate.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

///

///

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 10th day of January, 2012.

Honorable Paul Papak
United States Magistrate Judge