IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IVAN B. LANGLEY and KARLEE E. LANGLEY,

        Plaintiffs,

                                   2:11-CV-774-PK

v.                                        FINDINGS AND
                                        RECOMMENDATION

SHIRLEY E. JONES and CHARLEE A. PHILLIPS, JR.,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiffs Ivan B. Langley and Karlee E. Langley filed this action against defendants Shirley E. Jones and Charlee A. Phillips, Jr., on June 24, 2011. By and through their complaint as originally filed, plaintiffs alleged Jones' liability for fraud and deceit with respect to securities in violation of Or. Rev. Stat. 59.135, both defendants' liability for financial abuse of an elder in violation of Oregon's Elder Abuse and Dependent Adult Civil Protection Act and the Oregon Welfare Institutions Code, and both defendants' liability for intentional infliction of emotional distress. The plaintiffs and defendant Jones are alleged to be residents of Oregon, and defendant Phillips is alleged to be a resident of Idaho. Plaintiffs allege that "[t]he Court has jurisdiction pursuant to 28 USC 1345 and 1348, USC 1332, Americans with Disabilities Act, Elder Abuse Act, Securities Exchange Acts, Antitrust Act, Personal Property Damage, and Pendent Law." Complaint, ¶ 2.1.

Page 1 - FINDINGS AND RECOMMENDATION

Originally assigned to Judge Sullivan, the Langleys' action was reassigned to me effective October 5, 2011. On November 9, 2011, following a case conference held pursuant to Federal Civil Procedure Rule 16, at which the court's lack of authority to decide claims over which it lacks subject-matter jurisdiction was discussed, I ordered the Langleys to show cause in writing why their action should not be dismissed for lack of subject-matter jurisdiction. The Langleys filed a response to the order to show cause on December 21, 2011, and on December 22, 2011, the defendants filed a reply thereto. On January 10, 2012, having considered the parties' filings, I found that the court lacked subject-matter jurisdiction over the Langleys' claims, and recommended that the Langley's claims be dismissed for that reason, but further recommended that the Langleys be afforded a period of thirty days within which to amend the jurisdictional infirmities of their claims if possible. On February 17, 2012, the Langleys filed a document styled as an "Amended Verified Complaint." On March 8, 2012, Judge Simon adopted my recommendations without modification.

On March 9, 2012, because the Langleys had not received leave of court or the consent of the defendants to amend their pleading as of February 17, 2012, as required by Federal Civil Procedure Rule 15(a)(2), I issued an order construing the Langleys' filing of February 17, 2012, as a motion for leave to amend their complaint, and set that constructive motion on the under advisement calendar of April 9, 2012. On March 14, 2012 the Langleys formally moved for leave to file an amended complaint, and on March 19, 2012, I issued a minute order finding that the motion of March 14, 2012, superceded the constructive motion of February 17, 2012, and setting the March 14, 2012, motion on the under advisement calendar of April 23, 2012. Notwithstanding the foregoing, the Langleys filed a new motion for leave to amend their

Page 2 - FINDINGS AND RECOMMENDATION

pleading on April 13, 2012.

On May 18, 2012, I found that the Langleys proposed amended pleadings were insufficient to cure the jurisdictional infirmities of their originally filed complaint, but nevertheless recommended that they be afforded a second period of thirty days within which to file an amended pleading to cure the specifically identified jurisdictional defects. On June 5, 2012, Judge Simon adopted my findings and recommendations without modification. The Langleys did not subsequently file an amended pleading, and on July 6, 2012, defendants consequently moved for dismissal of the Langleys' action. The Langleys filed no opposition to defendants' motion to dismiss, but rather moved on August 17, 2012, for voluntary dismissal of their claims without prejudice.

Now before the court are defendants' motion (#67) to dismiss and the Langleys' motion (#71) for voluntary dismissal of their claims without prejudice. I have considered the parties' motions and all of the pleadings and papers on file. Because all of the Langleys' claims have been dismissed for lack of subject-matter jurisdiction and because the Langleys have not filed any amended pleading stating claims against the defendants within the time provided to them by the court for doing so, defendants' motion to dismiss is well taken. In consequence, I recommend that the court grant defendants' motion to dismiss, deny the Langleys' motion for voluntary dismissal of their claims without prejudice, and enter final judgment in defendants' favor.

## CONCLUSION

For the reasons set forth above, defendants' motion (#67) to dismiss should be granted and the Langleys' motion (#71) for voluntary dismissal of their claims without prejudice should be denied. Final judgment should be prepared.

Page 3 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 11th day of December, 2012.

Honorable Paul Papak
United States Magistrate Judge